IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TAKEI GURMEANI MCFARLAND**                                                 **PLAINTIFF**

v.                                                        No. 1:20CV64-GHD-RP

**LEE CO. ADULT DETENTION CENTER
SALTILLO EMERGENCY 911 HOTLINE
LEE COUNTY SHERIFF'S DEPT.
MISSISSIPPI HIGHWAY PATROL
VERONA POLICE DEPARTMENT
VERONA POLICE CHIEF NUNN
CHIEF OF VERONA POLICE DEPARTMENT
VERONA POLICE OFFICER WASHINGTON #6 (BADGE NUMBER)
SALTILLO EMERGENCY 911 DISPATCH SERVICE
VERONA INVESTIGATOR WILLARD
VERONA POLICE OFFICER LARRY POLK
VERONA POLICE OFFICER #7 (BADGE NUMBER)
VERONA POLICE OFFICER MOODY
EX VERONA POLICE CHIEF JOHNNY PATTERSON
VERONA POLICE OFFICER #8**                              **DEFENDANTS**

**REPORT AND RECOMMENDATION**

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case filed under 42 U.S.C. § 1983 have sufficient merit to proceed. A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Prison Litigation Reform Act applies to this case

because the plaintiff was incarcerated when he filed this lawsuit.[1]

For the reasons set forth below, the following defendants should be dismissed with prejudice from this case because they are entities not subject to suit: Lee Co. Adult Detention Center, Saltillo Emergency 911 Hotline, Lee County Sheriff's Department, Mississippi Highway Patrol, Verona Police Department, and Saltillo Emergency 911 Dispatch Service. The following defendants should be dismissed with prejudice because the plaintiff means for them to be witnesses, rather than defendants: Verona Police Officer Washington (#6), Verona Investigator Willard, Verona Police Officers Willard, Polk, Officer with Badge #7, and Moody. The plaintiff's claims for use of excessive force should proceed against defendants Verona Police Chief Nunn, ex-Verona Police Chief Johnny Patterson, Verona Police Officer with Badge #8, and Mississippi Highway Patrol Officer Bryan Morrow.

## Allegations

On March 2, 2020, Verona Police Chief Nunn, Chief Patterson, Patterson, and Verona Police Officer with Badge number V-8 pursued the plaintiff; he had failed to stop, then ran away. They charged Mr. McFarland with resisting arrest (from the pursuit) and possession of drugs. He was cuffed and taken to the Verona Police Station, and, while leaving the interrogation room, Officer V-8 put him in a chokehold and held him until he passed out, fell on the ground, broke some upper and lower teeth, injured his back, and apparently fell unconscious. When he came to, Highway Patrol Officer Bryan Morrow dragged him from an SUV to the Lee County Jail, through the parking lot, into the jail, across the floor in the jail, and through a pool of urine left by a previous arrestee. He was then placed on a bench. An officer helped him pull his pants back up. The friction with the parking

---

[1] 28 U.S.C. § 1915(g).

lot and floor pulled his pants down to his ankles, and he scraped his side and legs. He suffered lower back pain and scarring from being dragged. He was treated with pain medication, but was not taken to the hospital. On September 14, 2020, during his stay at the Lee County Jail, he contracted the COVID-19 virus and lost his sense of taste and smell.

### Defendants the Plaintiff Intended to Be Witnesses:
### Verona Police Officer Washington (Badge #6), Verona Investigator Willard, Verona Police Officer Larry Polk, Verona Police Officer with Badge #7, and Verona Police Officer Moody

The following defendants should be dismissed with prejudice from this case because the plaintiff intended them to be witnesses, rather than defendants: Verona Police Officer Washington (Badge #6), Verona Investigator Willard, Verona Police Officer Larry Polk, Verona Police Officer with Badge #7, and Verona Police Officer Moody.

### Defendants Who Are Not Proper Parties in a § 1983 Suit

The following defendants are not proper parties to a § 1983 suit: Lee County Adult Detention Center, Saltillo Emergency 911 Hotline, Saltillo Emergency 911 Dispatch Service, Lee County Sheriff's Department, Mississippi Highway Patrol, and the Verona Police Department. An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). In Mississippi, "sheriff's departments are not political subdivisions within the meaning of the [Mississippi Tort Claims Act]. Thus, the Sheriff's Department does not enjoy a separate legal existence, apart from [the county in which it is located]." *Brown v. Thompson,* 927 So.2d 733 (Miss. 2006). Similarly, Mississippi jails and prisons are not amenable to civil suit. *Campbell v. Thompson*, 2015 WL 5772535 (S.D. Miss.), *Simmons v. Harrison County Sheriffs Dept.*, 2015 WL 4742381 (S.D. Miss.) As such, the Lee County Adult Detention Center,

Saltillo Emergency 911 Hotline[2], Lee County Sheriff's Department, and the Verona Police Department should be dismissed from this case with prejudice because they are not entities amenable to suit under Mississippi law.

As for the Mississippi Highway Patrol, it is not a "person" within the meaning of § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

In order to maintain an action under § 1983, a plaintiff must allege that a *person* acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. The Mississippi Highway Patrol is an agency of the State of Mississippi created by statute, and neither a state nor officials of the state sued in their official capacity are amenable to suit under 42 U.S.C. § 1983; they are not "persons" within the meaning of the statute. "We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). These defendants should be dismissed from this case because they are not proper parties under 42 U.S.C. § 1983.

### Claims and Defendants Going Forward

The plaintiff's claims of excessive force during arrest will go forward as to the following defendants: Verona Police Chief Nunn, ex-Verona Police Officer Johnny Patterson, Verona Police Officer with Badge #8, and Mississippi Highway Patrol Officer Bryan Morrow.

---

[2] The court has included defendant Saltillo Emergency Hotline and Saltillo Emergency 911 Dispatch Service with the discussion of law enforcement agencies. In addition, it is clear that neither a hotline nor a dispatch service is a "person" within the meaning of § 1983.

**Conclusion**

The following defendants should be dismissed from this case because the plaintiff intended to name them only as witnesses: Verona Police Officer Washington (Badge #6), Verona Investigator Willard, Verona Police Officer Larry Polk, Verona Police Officer with Badge #7, and Verona Police Officer Moody. The following defendants should be dismissed because they are not proper defendants in a suit filed under 42 U.S.C. § 1983: Lee County Adult Detention Center, Saltillo Emergency 911 Hotline, Saltillo Emergency 911 Dispatch Service, Lee County Sheriff's Department, Mississippi Highway Patrol, and the Verona Police Department. The plaintiff's claims regarding excessive use of force will go forward as to the following defendants: Verona Police Chief Nunn, ex-Verona Police Officer Johnny Patterson, Verona Police Officer with Badge #8, and Mississippi Highway Patrol Officer Bryan Morrow.

**Handling of Objections, Acknowledgment of Receipt**

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of

this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

    Respectfully submitted, this, the 23rd day of July, 2021.

                                                        /s/   Roy Percy
                                                      UNITED STATES MAGISTRATE JUDGE