IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TAKEI GURMEANI MCFARLAND**                                                        **PLAINTIFF**

v.                                                               No. 1:20CV64-GHD-RP

**LEE CO. ADULT DETENTION CENTER, ET AL.**                      **DEFENDANTS**

**PROCESS ORDER**

The court conducted a hearing as outlined in *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) in this case and finds that process should issue for defendants Verona Police Chief Nunn, ex-Verona Police Officer Johnny Patterson, Verona Police Officer with Badge #8, and Mississippi Highway Patrol Officer Bryan Morrow.

It is **ORDERED**:

(1) The clerk of the court will issue process for Verona Police Chief Nunn, ex-Verona Police Officer Johnny Patterson, Verona Police Officer with Badge #8, and Mississippi Highway Patrol Officer Bryan Morrow, along with a copy of this order and the order permitting the plaintiff to proceed *in forma pauperis*. The United States Marshal Service will serve process upon this defendant under to 28 U.S.C. § 1915(d), using good faith efforts to identify and locate the proper person and obtain service by all approved alternative means as provided by F.R.Civ.P. 4 and Miss.R.Civ.P. 4 if service by mail is unsuccessful. If the defendant is located in another state, the Marshal Service must obtain service by that state's law governing service of process.

(2) If defendants or their counsel would like to receive a digital copy or a transcript of the *Spears* hearing, which by its nature constitutes part of the plaintiff's complaint, they must contact the Clerk's Office to make such arrangements.

(3) A scheduling order will be issued once the defendants have answered; the plaintiff

may not submit any discovery requests until the scheduling order has been entered.

(4) In the event any damages or other moneys become payable to or for the benefit of the plaintiff as a result of this litigation, whether by way of satisfaction of a judgment, compromise settlement, or otherwise, the plaintiff remains liable to the United States for the reimbursement of all court costs, fees and expenses which he has caused to be incurred in the course of this litigation, and the United States will have a lien against any damages or other moneys until the United States has been fully reimbursed for those court costs, fees and expenses by payment of them into the court.

(5) The plaintiff must acknowledge receipt of this order by signing the enclosed acknowledgment form and returning it to the court within fourteen (14) days of this date.

(6) The plaintiff's failure to keep the court informed of his current address or to comply with the requirements of this order may lead to dismissal of his lawsuit under Fed. R. Civ. P. 41(b), for failure to prosecute and failure to comply with an order of the court.

**SO ORDERED**, this, the 23rd day of July, 2021.

/s/    Roy Percy
UNITED STATES MAGISTRATE JUDGE