**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**TAKEI GURMEANI MCFARLAND** **PLAINTIFF**

**v.** **No. 1:20CV64-GHD-RP**

**LEE CO. ADULT DETENTION CENTER, ET AL.** **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint [1] of Takei Gurmeani McFarland, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

The plaintiff alleges that the defendant used excessive force against him during his arrest. The defendant has moved [117] for summary judgment; the plaintiff initially did not respond to the motion, and the deadline to do so expired. The court then granted [124], [125] the defendant's motion and dismissed the case holding that the sole remaining defendant was cloaked with qualified immunity.

The plaintiff then moved [133] for relief from judgment, stating that he did not receive a copy of the defendant's motion for summary judgment until after the court had ruled on the motion. He simultaneously filed a response [135] to the defendant's summary judgment motion. The court will give the plaintiff the benefit of the doubt and grant his motion for relief from judgment. Having considered the plaintiff's response [135] – and having reviewed the summary judgment motion and

response *de novo* – the court will grant the defendant's motion, and judgment will be entered for the defendant in all respects.[1]

## Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).

Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a

---

[1] The instant memorandum opinion is substantially the same as the previous one, with some modification to reflect the contents of the plaintiff's response to the defendant's motion for summary judgment.

genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**

On March 3, 2020, plaintiff Takei McFarland was arrested by City of Verona Police Officer Richard White and charged with failure to comply and possession of a controlled substance. Exh. A[2], Pl. Depo. at 21-25; Exh. B – McFarland Booking Sheet. Officer White then transported McFarland to the Verona Police Department. Pl. Depo. at 37. Upon arrival, McFarland was taken into an interrogation room and questioned by the Verona Chief of Police Marsenio Nunn, Officer White, and Narcotics Officer Jason Hinton. Pl. Depo. at 37-38. Following interrogation, McFarland ended up in

---

[2] The exhibits referenced in this memorandum opinion may be found attached to the defendant's motion for summary judgment.

a "side room," where, during a scuffle, Officer White placed him in a chokehold, rendering him unconscious. Pl. Depo. at 43, 59-62.

Officer White then transported McFarland to the Lee County Adult Detention Center (ADC) to be booked into the jail. Pl. Depo. at 81. When he arrived at the Lee County ADC, he claims he was still unconscious with his hands handcuffed behind his back. Pl. Depo. at 91-92. He alleges that defendant Bryan Morrow, a Highway Patrolman who was at the Lee County ADC booking another arrestee into the jail, grabbed him underneath the armpits and dragged him 10 to 15 feet from Officer White's vehicle to the booking area. Pl. Depo. at 91-93, 98. McFarland testified, however, that he did not regain consciousness until, at some point, he realized Officer Morrow was dragging him. Pl. Depo. at 101-102. McFarland did not tell Morrow that his actions were causing injury. *Id.* McFarland claims that, while being dragged into the Lee County ADC, his pants went down to his ankles and, as a result, he received an abrasion on his left side that was "bleeding a little bit." Pl. Depo. at 97-98, 93-94. He also claims that he suffered an unspecified "lower back injury," perhaps a pulled muscle. Pl. Depo. at 101-102 Pl. Depo. at 94, 97.

McFarland alleges that, as he was being dragged through the ADC booking area, Morrow pulled him through some urine on the floor. Pl. Depo. at 95. McFarland claims that this caused him embarrassment. Pl. Depo. at 109-110. Although McFarland alleges that Morrow caused him to sustain injuries, he never received any medical attention or treatment for those injuries. Pl. Depo. at 76-77, 116. He asked for a nurse, but did not see one. Pl. Depo. At 118.

**Qualified Immunity**

Defendant Morrow argues that qualified immunity shields him from this suit. "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). To overcome the qualified immunity defense, a plaintiff must meet a two-pronged test. He must first allege a violation of a clearly established constitutional right. *Wilkerson v. Stalder*, 329 F.3d 431, 434 (5th Cir. 2003); *Heitschmidt v. City of Houston*, 161 F.3d 834, 836–37 (5th Cir.1998). "To be 'clearly established' for purposes of qualified immunity, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). Because "the Fourth Amendment right to be free from excessive force during a seizure is clearly established," *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016) (citing *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012)), the relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 398, 109 S. Ct. 1865, 104 L.Ed. 2d 443 (1989)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

**Fourth Amendment Excessive Force Claim**

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The plaintiff alleges that defendant Morrow violated his "8th Amendment" rights by dragging him, unconscious, from Officer Smith's vehicle to the booking area of the Lee County ADC. *See* Doc. 1 at 9. The Eighth Amendment, however, applies only to convicted inmates. *See Ramirez Gonzalez v. Cmty. Educ. Centers, Inc.*, 2014 WL 12878554, at *5 (W.D. Tex. Apr. 30, 2014) ("The Eighth Amendment's prohibition of cruel and unusual punishment

indeed only applies to convicted inmates.") (citing *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996)). McFarland was not a convicted inmate at the time.

Neither is this excessive force claim cognizable under the Fourteenth Amendment, as the plaintiff was not a pretrial detainee. A plaintiff becomes a "pretrial detainee, protected against excessive force by the Due Process Clause" of the Fourteenth Amendment once he is arrested, booked, and detained in a jail cell. *Brothers v. Klevenhagen*, 28 F.3d 452, 457 (5th Cir. 1994); *Gutierrez v. City of San Antonio*, 139 F.3d 441, 452 (5th Cir. 1998).

In this case, the defendant's use of force occurred before the plaintiff had been booked into the Lee County Adult Detention Center and detained in a cell; as such, at the time relevant to this case, he was not a pretrial detainee protected under the Fourteenth Amendment. *Alanis v. City of Brownsville*, 2018 WL 11183788, at *6 (S.D. Tex. June 7, 2018) ("Defendants have raised no binding authority to indicate that an arrestee may be treated as a pretrial detainee without first being processed and booked into the jail.")

The plaintiff was neither a convicted inmate nor a pretrial detainee at the time of the incident; instead, he was an arrestee. As such, the court will analyze the plaintiff's excessive force claims under the Fourth Amendment standard of "objective reasonableness." *Graham*, 490 U.S. at 388. To prevail on an excessive-force claim under the Fourth Amendment, a plaintiff must show that he suffered (1) "an injury" that (2) resulted "directly and only from" an officer's use of force that was "clearly excessive" and (3) "objectively unreasonable." *Betts v. Brennan*, 22 F.4th 577, 582 (5th Cir. 2022) (internal quotations omitted). "In evaluating excessive force claims, courts may look to the seriousness of injury to determine whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction as is tantamount to a knowing willingness that it occur." *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (per

curiam) (internal quotations omitted). Thus, "the extent of the injury inflicted may be considered in determining whether the officers used excessive force." *Id.* (cleaned up).

A plaintiff need not demonstrate a "significant injury," but injuries such as bruises, abrasions, or back pain are considered *de minimis* and insufficient to demonstrate that the defendant used excessive force. *See Westfall v. Luna*, 903 F.3d 534, 549-50 (5th Cir. 2018) (abrasions, bruises, bloody urine, and high blood pressure and heart rate are *de minimis* injuries); *Brooks v. City of W. Point*, 639 F. App'x 986, 990 (5th Cir. 2016) (abrasions to hands and knees, some back and neck pain, and unspecified problems with asthma are *de minimis* injuries); *Burton v. City of Senatobia*, 2008 WL 619301, at *9 (N.D. Miss. Mar. 3, 2008) (a slight abrasion on the inside of right wrist is a *de minimis* injury); *Jamison v. City of Shreveport*, 2016 WL 3920439, at *4 (W.D. La. July 18, 2016) (knot on forehead, skin burns on the back and front of arms, knee scuffs, and concrete burns on shin areas were *de minimis* injuries).

***De Minimis* Injuries**

In the present case, the plaintiff alleges that he suffered the following injuries as a result of the defendant's actions: "scarring" on his "left side," "lower back injury," "back pain," and "aches." Pl. Depo at 94, 98. During his deposition, the plaintiff described the "scarring" as an abrasion, which was "bleeding a little bit." Pl. Depo. at 98. As discussed above, these types of minor injuries do not rise to the level of a constitutional violation under the Fourth Amendment, and these claims must be dismissed for that reason.

In any event, the plaintiff has not presented any competent proof that defendant Morrow injured him because he never received any medical treatment for his alleged physical injuries, and thus does not have any medical records to satisfy the "injury" requirement of an excessive force

claim.[3] *See Washington v. Burts*, 2017 WL 2376329, at *3 (N.D. Miss. May 31, 2017) (dismissing excessive force claim where plaintiff did not submit "any competent evidence, medical or otherwise, of any injury that could be causally connected to his arrest"); *Burton v. City of Senatobia*, *supra* ("[A]s with any claim requiring the element of an injury, the plaintiff must have medical proof that he was in fact injured.") In the absence of any competent proof (other than his testimony) that he sustained any injuries during the defendant's use of force, the plaintiff cannot create a fact issue as to whether the defendant violated his Fourth Amendment rights.

**Embarrassment Not a Valid § 1983 Claim**

McFarland also claims that defendant Morrow "embarrassed" him by dragging him through a puddle of urine with his pants down to his ankles in front of several onlookers in the booking area. Pl. Depo. at 108-110. However, humiliation and embarrassment do not rise to the level of an "injury" sufficient to support an excessive force claim. *See Reese v. Skinner*, 322 F. App'x 381, 382 (5th Cir. 2009) (allegations that officers humiliated plaintiff did not state a viable constitutional claim). Only "substantial psychological" injuries are sufficient to satisfy the injury element of a § 1983 claim for excessive force under the Fourth Amendment. *Flores v. City of Palacios*, 381 F.3d 391, 400–401 (5th Cir. 2004). As such, McFarland's claim of embarrassment and humiliation does not amount to "substantial psychological injury" under Fifth Circuit precedent.

Further, McFarland testified at his deposition that he did not feel pain as defendant Morrow dragged him from the vehicle to the Lee County ADC (because he was only regaining consciousness

---

[3] In his response [135] to the summary judgment motion, the plaintiff included a document entitled CTC Phone Manager – Browse Medical Calls. Doc. 135-2. The document appears to contain several of the plaintiff's *requests* for medical treatment while at the Lee County Jail; however, the plaintiff did not include any records reflecting his diagnosis by medical personnel or treatment of his alleged injuries.

at that point) – and that he did not alert Officer Morrow that he was being injured during this process. Pl. Depo. at 101-102. Given that McFarland did not tell defendant Morrow that his actions were causing pain or injury, he could not have known that the force he used to move McFarland from the vehicle to the booking area might have been excessive. Therefore, McFarland has not created a triable issue of fact regarding whether the force used was objectively unreasonable under the circumstances. For these reasons, defendant Morrow is entitled to summary judgment on McFarland's excessive force claim.

**Officer Morrow's Actions Were Objectively Reasonable**[4]

Officer Morrow physically moved an unconscious Mr. McFarland, at most, 15 feet. McFarland suffered only *de minimis* injury – and did not inform Morrow that dragging him that short distance was hurting him. Though being dragged through a puddle of urine is distasteful and unsanitary, McFarland has alleged no harm from that event, other than *de minimis* injury and embarrassment (neither of which rise to the level of a § 1983 claim). Morrow's actions are "'objectively reasonable' in light of the facts and circumstances confronting [him]," regardless of his "underlying intent or motivation." *Griggs*, 841 F.3d at 312, (*quoting Graham v. Connor*, 490 U.S. at 398). Morrow's actions do not show that he was "plainly incompetent or … knowingly violate[d] the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). As such, he is shielded by qualified immunity, and the court will dismiss the instant case for that reason.

**Conclusion**

For the reasons set forth above: (1) the plaintiff's motion [133] for relief from judgment will

---

[4] For the purposes of the instant motion for summary judgment only, the court will take the plaintiff's allegations and deposition testimony as true.

be granted; (2) the court's memorandum opinion [124] and final judgment [125] will be vacated; (3) the defendant's motion [117] for summary judgment will be reinstated; (4) after *de novo* review, the motion [117] by the defendant for summary judgment will be granted, and the instant case will be dismissed with prejudice, as the defendant is shielded by qualified immunity.

**SO ORDERED**, this, the 17th day of March, 2023.

Glen H. Davidson

SENIOR U.S. DISTRICT JUDGE